IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTERIA MOORE-POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 4389 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's (City) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

BACKGROUND

Plaintiff Centeria Moore-Powell (Moore) allegedly began working for the City in 1985 as a police officer. Moore alleges that in 1999 she allowed Ernest Brown (Brown), the then Lieutenant, into her house and alleges that Brown had sex with her without her permission. Moore also alleges that in April 2000 the then Commander Brown forced Moore to have sex with him in the office. In May 2000, Moore was promoted to Sergeant. According to Moore, between 2000 and 2005, Brown denied four requests by Moore to be reassigned to another district. Moore claims that at

1

some point she informed a Seargant and a Captain that Brown had been harassing her, and told an employee in the Employee Assistance Program about Brown's alleged sexual past conduct. Moore claims that in March 2005, she had a confrontation with Brown, and Moore alleges that she suffered a mild heart attack. Moore claims that Brown told co-workers that Moore was faking the heart attack. On April 1, 2005 Moore alleges that she was forced to submit to a fitness-for-duty examination (Exam) and after a psychological examination Moore was placed on an involuntary medical leave. In January 2006, Moore allegedly filed a discrimination charge against the City with the Equal Employment Opportunity Commission (EEOC). Following the filing of the EEOC charge, Moore contends that she had bid to be reassigned to the Third District and that pursuant to the police union contract she was entitled to the transfer. However, in February 2006, Moore was allegedly involuntarily removed from her current assignment and re-assigned to the Fifth District. Moore contends that she feared for her safety and feared that she would be subject to retaliation for her complaints about Brown, because Brown allegedly had many friends who worked in the Fifth District. Brown also contends that her transfer was done in a manner that ensured that she would be denied pay for a twenty-four hour period that she worked. Moore includes in her amended complaint a claim alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), and a Title VII retaliation claim (Count II). The City now moves to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

The City argues that Moore has improperly relied on conduct outside the limitations period, and has failed to allege that she suffered an adverse action

3

sufficient to satisfy the Title VII requirements.

I. Conduct Outside the Limitations Period

The City argues that Moore is improperly seeking to rely upon alleged conduct that allegedly occurred outside the limitations period. In Illinois a party seeking to pursue a Title VII claim must file a charge with the EEOC "within. . . 300 days after the allegedly discriminatory act." *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1024 n.2 (7th Cir. 2011); *see also Moore v. Vital Products, Inc.*, 641 F.3d 253, 256 (7th Cir. 2011)(stating that "[t]o bring a Title VII claim, a plaintiff must file an EEOC charge within 300 days of the conduct underlying the claim" and that "[a]ny complaint of conduct that occurred more than 300 days before the relevant EEOC charge is time-barred").

Moore indicates that she filed her first EEOC charge on January 27, 2006. (A Compl. Par. 20). Thus, Moore is limited to basing her Title VII claims on events that occurred on or after April 2, 2005. Moore alleges in her complaint that the sexual encounters with Brown took place in 1999 and 2000. (A. Compl. Par. 8, 10). Such allegations are well outside the limitations period. Moore also alleges that on April 1, 2005, she was "forced to submit to a fitness for duty examination and placed on an involuntary psychological medical leave." (A. Compl. Par. 18). The City's actions relating to the Exam are likewise outside the limitations period. Thus, the alleged sexual encounters and Exam cannot be relied upon by Moore as a basis for her claims.

Moore argues that such allegations may be considered for her hostile work

environment claim. For a hostile work environment claim, the plaintiff "need only file an EEOC charge within 300 days of the last hostile act in a continuous and ongoing hostile work environment." *Moore*, 641 F.3d at 256; *see also Brown v. Illinois Dept. of Natural Resources*, 499 F.3d 675, 685 (7th Cir. 2007)(stating that a Title VII claim "based on 'discrete acts' that occurred over 300 days prior to" the filing of the "EEOC charge [is] time-barred"). Moore failed to specifically identify a hostile work environment claim in her amended complaint, listing only a sex discrimination claim and a retaliation claim. (A. Compl. 5). Even if the court were to consider Moore's ad hoc request to deem her allegations to include a hostile work environment claim, the pre-April 2, 2005, allegations are untimely. According to Moore, she suffered harassment by Brown in 1999 and in 2000. Moore then alleges that over the course of approximately the next five years between 2000 and 2005 Brown denied four requests by Moore for reassignment. Such denials of requests for reassignment, without more, do not constitute a hostile work environment. Further, four denials of requests for reassignment in a span of five years, even if true, would be sporadic conduct and would not constitute a continuous and ongoing hostile work environment. In addition, for a hostile work environment claim, Moore would need to establish that the alleged conduct by Brown was "sufficiently severe or pervasive to alter the conditions of employment such that it creates an abusive working environment." *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009). Being denied a request for reassignment once each year will not suffice to show that Moore's daily work environment was altered due to severe or pervasive harassment. Therefore, the City's motion to dismiss Moore's claims to the extent that such claims

are premised on conduct that occurred prior to April 2, 2005, is granted.

II. Adverse Action Requirement

The City argues that Moore has failed to allege facts to meet the adverse action requirement for Title VII. Title VII provides that "[i]t shall be an unlawful employment practice for an employer– . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(1). In order for an action by an employer "to be actionable under the antidiscrimination provision of Title VII," the "adverse action must materially alter the terms or conditions of employment. . . ." *Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012). The "mere inconvenience or an alteration of job responsibilities" would not constitute an adverse employment action. *Id.*

As indicated above, Moore is barred from relying on the alleged sexual encounters that occurred in 1999 and 2000, or from relying on the Exam in April 2005. Moore's remaining allegations concerning an adverse action relate to her alleged transfer to the Fifth District and the alleged denial of pay for a few hours. The City argues that such allegations are not sufficiently severe to warrant protection by Title VII. On the issue of actionable adverse action, "not everything that makes an employee unhappy is an actionable adverse action," but the court at the pleading stage must accept the allegations as true and such allegations must be construed in Moore's favor. *Porter*, 700 F.3d at 954; *Appert*, 673 F.3d at 622. With regard to

6

Moore's Title VII retaliation claim, an adverse action would encompass something that "would be likely to deter a reasonable employee from complaining about discrimination," but would not include "petty slights or minor annoyances. . . ." *Nair v. Nicholson*, 464 F.3d 766, 768-69 (7th Cir. 2006).

While the court must accept as true Moore's allegations at this stage, even when doing so and viewing them in the light most favorable to Moore, Moore has failed to suggest that she suffered an adverse action that would support a Title VII claim. Moore alleges that she was reassigned to the Fifth District in a manner that caused her to be denied pay for a twenty-four-hour period that she worked. There is no indication in the complaint that the failure to receive such a minor amount of pay in one instance would constitute a material alteration of the terms or conditions of Moore's employment or be sufficient to discourage a reasonable person from complaining about discrimination. Moore also alleges that she was involuntarily reassigned to a district where Brown had friends who could retaliate against Moore. Moore, alleges that she feared for her safety. Moore's allegations do not suggest any reasonable basis to fear retaliation or fear for her safety. The mere fact that Brown may have had friends in the Fifth District, where Moore was transferred, does not show a reasonable basis for fear of retaliation or harm. The allegations in the complaint filed in 2013 suggest that Moore's fears of retaliation or harm at the time of her transfer in 2005 were the result of speculation on her part and were entirely without any reasonable basis. In addition, there are no allegations that Moore actually suffered any retaliation or harm when she was transferred. At most, the allegations suggest a lateral transfer of an officer with over twenty years of

experience. Therefore, based on all of the above, the City's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, the City's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 27, 2014